# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHELLE COSTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 2:20-cv-00269 |
| | § | |
| CITY OF CORPUS CHRISTI, | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Michelle Costa files this Original Complaint against Defendant City of Corpus Christi, and shows as follows:

### PARTIES

1. The plaintiff is Michelle Costa. She is an individual and resident of Nueces County, Texas.

2. The defendant is City of Corpus Christi ("the defendant"). It is a municipality located in Nueces County, Texas. The defendant may be served with process by personal service on its City Secretary, Ms. Rebecca L. Huerta, 1201 Leopard Street, Corpus Christi, Texas 78401.

### JURISDICTION

3.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331. It presents a federal question because it arises under 29 U.S.C. § 2601, a federal statute.

## VENUE

4.     Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

## FACTS

5.     The plaintiff was employed by the defendant from September 2019 to June 2020. She was discharged by the defendant on or about July 1, 2020. The plaintiff was employed in the defendant's City Auditor's Department. Prior to her discharge, she had no disciplinary history and received only positive performance evaluations.

6.     On or about June 22, 2020, the plaintiff communicated to Kimberly Houston, her department head, that her 2-year-old daughter, who is immunocompromised, was exhibiting systems of COVID-19 and that she, therefore, would not be at work. The plaintiff explained that she was seeking advice from her daughter's pediatrician. Ms. Houston responded and granted permission for the plaintiff to be away from work.

7.     Later the same day, the plaintiff inquired about working from home because of the COVID-19 pandemic, as other employees of the City were, and because of her daughter's medical issues. The plaintiff explained that her daughter's pediatrician recommended

that she keep her daughter at home and isolated from others while she was exhibiting COVID-19 symptoms. However, despite this and an outbreak of COIVD-19 among employees at city hall, Ms. Houston responded by stating no one in her department was permitted to work from home.

8. Thus, on June 23, 2020, the plaintiff asked Ms. Houston whether she could take up to two weeks' time off so that she could care for her daughter and manage her symptoms. Ms. Houston responded by saying that the plaintiff could use her accrued vacation time and sick time, respectively. At this time, the plaintiff had 56.55 hours of accrued vacation time and 14.56 hours of accrued sick time available to her, which was sufficient time. The plaintiff accepted Ms. Houston's offer and stayed home with her daughter. She expected to return to work within two weeks, or on or before July 2, 2020. The plaintiff's leave of absence for past absences and the future absences was recorded timely and electronically in the defendant's electronic system.

9. Ms. Houston made one phone call to the plaintiff on June 30, 2020, which was not answered. A voice message was not left by Ms. Houston. The plaintiff returned the call, however, but it was not answered by Ms. Houston. Further, the plaintiff sent a follow-up e-mail to Ms. Houston on July 1, 2020, apologizing for not getting to her phone quick enough, stating that she had returned the call, and that she would be at work on July 2, 2020, consistent with her leave of absence agreement.

10.     But Ms. Houston responded in an e-mail message to the plaintiff, advising her that she was discharged from her employment because her leave "was not approved." This is despite the plaintiff receiving an e-mail message from Ms. Houston on June 24, 2020, just seven days earlier, specifically saying, in part, "Yes, you can use your vacation time. I've listed your unadjusted leave balance below. The hours may change as the prior period's leave accruals have not posted to Infor. Keep in mind, once your time is exhausted your time will be docked."

11.     In discharging her from her employment, the plaintiff was penalized by the defendant for exercising her statutory rights under the EFMLEA and FMLA, respectively.[1]

### CAUSES OF ACTION

**Count 1—FMLA Retaliation**

12.     The plaintiff incorporates within Count 1 all of the allegations set forth in paragraphs 1-11, *supra*.

13.     The Family and Medical Leave Act of 1993 allows eligible employees working for covered employers to take temporary leave for medical reasons, for the birth or adoption of a child, and for the care of a spouse, child, or parent who has a serious health condition, without the risk of losing employment. 29 U.S.C. § 2601(b)(1) and (2). The

---

[1]     Rather ironically, and as publicly reported, Ms. Houston has been permitted to keep her job with the defendant despite failing multiple times to pass the required test for certification as city auditor, apparently blaming her last failure on the COVID-19 pandemic.

FMLA has two distinct sets of provisions, which together seek to meet the needs of families and employees and to accommodate the legitimate interests of employers. *See Nero v. Indus. Molding Corp.*, 167 F.3d 921, 927 (5th Cir. 1999); *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998). The statute prescriptively provides a series of substantive rights. *See id.* The FMLA requires a covered employer to allow an eligible employee up to twelve weeks of unpaid leave if the employee suffers from "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D); *see Chaffin v. John H. Carter Co., Inc.*, 179 F.3d 316, 319 (5th Cir. 1999). When an eligible employee returns from leave taken under the FMLA, the employer must restore the employee to the same position or to "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1); *see Nero*, 167 F.3d at 925.4 The FMLA also contains proscriptions against penalizing an employee for the exercise of FMLA rights. 29 U.S.C. § 2615(a)(1)-(2); *see Chaffin*, 179 F.3d at 319.

14. Further, on March 27, 2020, President Trump signed into law the Coronavirus Aid, Relief, and Economic Security Act, Public Law 116-136 (CARES Act), which amends certain provisions of the EPSLA and the provisions of the FMLA added by the EFMLEA. In general, the FFCRA requires covered employers to provide eligible employees up to two weeks of paid sick leave at full pay, up to a specified cap, when the employee is

unable to work because the employee is subject to a Federal, State, or local quarantine or isolation order related to COVID-19, has been advised by a health care provider to self-quarantine due to concerns related to COVID-19, or is experiencing COVID-19 symptoms and seeking a medical diagnosis. This same regulatory framework applies to an employee who is caring for a child under the age of 18. All employees are eligible for this statutory job protection regardless of the length of their employment.

15. The FMLA's general prohibitions on interference with rights and discrimination, 29 U.S.C. 2615, as well as the FMLA's enforcement provisions, 29 U.S.C. 2617, apply for purposes of the EFMLEA.

16. Here, in accordance with the CARES Act, the plaintiff advised the defendant that her 2-year-old daughter was exhibiting COVID-19 symptoms and is immunocompromised. She was unable to attend to school and, therefore, required care at home. The plaintiff also expressed concern to the defendant about a COVID-19 outbreak at city hall and whether she could work from home to mitigate her daughter from being further exposed to the virus. The plaintiff also placed the defendant on notice that her daughter's pediatrician advised her to keep her daughter at home until she recovers. The plaintiff provided the defendant as much notice as she reasonably could and enough information so that the defendant knew or should have known that she likely was eligible for FMLA leave, pursuant to the Family Medical Leave Act and the CARES Act,

respectively.

17. While two weeks' leave was expressly granted to the plaintiff by the defendant, she was prevented by the defendant from returning to work within the two-week period as she intended; nor did the defendant offer to restore the plaintiff to an equivalent position after her needed leave and when she was eligible to return; rather it discharged her because of the time she took away from work to care for her ill daughter.

18. The defendant's conduct caused damages to the plaintiff. She therefore seeks reinstatement, to recover her past and future economic and non-economic damages from the defendant, her damages for mental anguish, and all other damages provided by law. Because of the nature of the conduct; that is, being willful and intentional, the plaintiff also seeks to recover liquidated damages and/or exemplary damages from the defendant, as provided by law. The plaintiff also seeks her costs and attorney's fees, as provided by law.

### PRAYER

19. For these reasons, Plaintiff Michelle Costa respectfully requests that Defendant City of Corpus Christi be cited to appear herein and answer, and that upon trial of this matter, have judgment against Defendant for Plaintiff's reinstatement, damages, economic damages, non-economic damages, liquidated damages, mental anguish damages, exemplary damages, attorney's fees, costs, pre-judgment interest, post-

judgment interest, and for such other relief, at law or in equity, to which Plaintiff may be justly entitled.

    Respectfully submitted,

    s/Jon D. Brooks
    Jon D. Brooks
    Attorney-in-Charge
    Federal ID 24936
    State Bar No. 24004563
    400 Mann Street, Suite 1001
    Corpus Christi, Texas 78401
    361.885.7710
    361.885.7716 (facsimile)
    jbrooks@brooksllp.com

    **Attorneys for Plaintiff Michelle Costa**